IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HODEI TECHNOLOGY, LLC, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. _____ |
| AUGMEDIX, INC. and DOES 1-100, | ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Hodei Technology, LLC ("Hodei Technology") for its complaint against Defendant Augmedix, Inc. ("Augmedix" or "Defendant") alleges as follows:

## PARTIES

1. Hodei Technology is a Limited Liability Company organized and existing under the laws of the State of Indiana, with a principal place of business at 10475 Crosspoint Blvd, Suite 425, Indianapolis, IN 46256.

2. On information and belief, Defendant Augmedix is a Delaware corporation with a principal place of business at 1161 Mission St, Suite 210, San Francisco, CA 94103. Augmedix can be served with process via its registered agent, Vcorp Services, LLC, 1013 Centre Road Suite 403-B, Wilmington, Delaware 19805.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, Title 35 of the United States Code. Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has specific and general personal jurisdiction over Defendant pursuant to due process and/or the Delaware Long Arm Statute, due at least to Defendant having availed itself of the rights and benefits of Delaware by incorporating under Delaware law.

5. Venue is proper in this District under 28 U.S.C. §§ 1391 (b)-(c) and 1400(b) because Defendant is resident in this District as it is incorporated in Delaware.

## BACKGROUND

6. Indianapolis-based Hodei Technology is bringing Google Glass—an optical head-mounted display designed in the shape of a pair of eyeglasses—to hospitals and other venues in multiple ways. A Hodei Technology product named IKASI™ is a tool for surgeons to teach, communicate, and collaborate, while a Hodei Technology product named GEMINI™ is a tool for providing a new kind of telemedicine, namely a hands-free first-person point-of-view telepresence.

7. For example, in addition to live-streaming point-of-view images, Hodei Technology's GEMINI™ product can stream visual data from medical devices, such as fluoroscopes, ultrasounds, or otoscopes, all hands-free, unlike cart-based computer equipment or hand-held devices like an iPhone or an iPad, which never really provide true first person point of view. Hodei Technology's hands-free products allow others to effectively see through the eyes of the individual they are coaching, monitoring, mentoring, or directing.

8. Hodei Technology's IKASI™ product is being deployed in surgical centers in the United States as a training tool and to facilitate surgical collaborations. For example, in one instance a cardiothoracic surgeon, watching in first person through Hodei Technology's system as an interventional cardiologist performed a surgery, noticed a shadow on the X-Ray that the operating surgeon didn't catch. The remotely-located cardiothoracic surgeon was able to take

that image, blow it up, and send it back to the operating room in real-time. Then the remotely-located cardiothoracic surgeon and the operating surgeon were able to collaborate on the case, and the operating surgeon had a perspective he might not have otherwise had.

9. Hodei Technology's GEMINI™ product is mostly being deployed initially in Canada, where there is both a large rural population and a single-payer health system that annually spends an estimated 30 to 80 million dollars per province physically transporting patients long distances for care. With Hodei Technology's products, they can potentially reduce that transport need by an estimated 70 percent, while providing the potential to deliver better quality of care in those remote and rural areas. Hodei Technologies expects to see use of their Google Glass-based telemedicine platform extend from covering rural areas to a range of other use cases, such as home care, medical transportation, and others.

10. Hodei Technology has been working to improve the Google Glass platform's picture quality, battery life, and user-friendliness with improvements to the wearable, the equipment, the platform, compression algorithms, and other aspects to create a very true and easy-to-use real-time virtual telepresence solution. So although Hodei Technology's system uses Google Glass, the platform is more advanced than the 2014 consumer version of Google Glass that most people are familiar with.

11. One of the main technical hurdles that had to be overcome to use Google Glass for extended sessions of intensive data streaming was the problem of heat. Specifically, when Google Glass is used to continuously stream intensive data such as video, it quickly overheats, and cannot be used in this manner for more than a few minutes.

12. Hodei Technology personnel invented a novel technical solution that resolved the heat problem with Google Glass, by conceiving and creating a special heat-dissipating radiator or

"heat sink" that effectively removes heat from the Google Glass and transmits it to the air. One or more example embodiments illustrating this invention were disclosed to the United States Patent Office ("USPTO") beginning with a provisional patent application filed on April 4, 2016. The USPTO determined that Hodei Technology's heat sink invention was patentable and granted the presently-asserted patent, U.S. Patent No. 10,088,867, a true and correct copy of which is filed herewith as Exhibit A.

13.  More specifically, US provisional application no. 62/318,141 was filed on April 4, 2016, disclosing one or more embodiments of Hodei Technology's heat sink invention. On April 4, 2017, US non-provisional patent application 15/479,026 was filed claiming Hodei Technology's heat sink invention, and it published as US 2017/0285685 A1 on October 5, 2017. On September 14, 2017, US non-provisional patent application 15/704,922 was filed as a continuation of application 15/479,026, still claiming Hodei Technology's heat sink invention, and application 15/704,922 published as US 2018/0004248 A1 on January 4, 2018 and issued as U.S. Patent No. 10,088,867 on October 2, 2018. On November 1, 2018, a Request for Certificate of Correction was filed for U.S. Patent No. 10,088,867 and is pending to correct a typographical error that claimed priority to US provisional application no. 62/318,414 instead of US provisional application no. 62/318,141. U.S. Patent No. 10,088,867 is valid and in force.

14.  In the meantime, Defendant Augmedix was facing the same heat problem with Google Glass, which Augmedix uses as the centerpiece of its all-in-one subscription service where physicians wear Google Glass and use it to interact with patients' electronic health records. In 2017 it was observed that Defendant Augmedix was using a heat sink like Hodei Technology's on Google Glass.

15. Specifically, Defendant Augmedix has used a heat sink on Google Glass at least as depicted in the photograph below, where the arrow points at a heat sink Augmedix added to a Google Glass product:



16. The heat sink shown in the photo above in paragraph 14 included fins for radiating heat away from the Google Glass, as depicted in the photograph below, where the arrow points to one of the fins on the heat sink Augmedix added to the Google Glass:



17. Advertising materials for Augmedix's products and services have shown Augmedix's system using Hodei Technology's patented heat sink as depicted in the photograph below, where the arrow points to the heat sink Augmedix added to the Google Glass product:





18.     Hodei Technology sent Augmedix a copy of US 2017/0285685 A1 via certified mail, which Augmedix received (signed for by R Lopez) on October 31, 2017. Filed herewith as Exhibit B is a copy of what Hodei Technology sent Augmedix, and confirmation that Augmedix received it on October 31, 2017. Hodei Technology never received any response from Augmedix.

19.     U.S. Patent No. 10,088,867 issued on October 2, 2018. Three days later on October 5, 2018, Hodei Technology sent Augmedix notification of issuance of U.S. Patent No. 10,088,867 with the following message:

> Ian:
> I hope that this e-mail finds you well. I am reaching out to you regarding the patent application we made you aware of via certified mail back on October 31, 2017 (signed for by R Lopez). That application has now been issued into the attached patent.
> Please let me know when you have availability to discuss.
> Sincerely,
> Guy

Filed herewith as Exhibit C is a copy of what Hodei Technology sent Augmedix via email on October 5, 2018, along with the hard copy sent by certified mail on November 13, 2018 (and confirmation of same). Again, Hodei Technology never received any response from Augmedix.

20. Hodei Technology is informed and believes and based thereon alleges that Augmedix's entire business model to date, which Augmedix advertises as "Augmedix, powered by Glass," and the success it has had and the millions of dollars in investment it has raised, would not have been possible but for Augmedix's use of Hodei Technology's heat sink invention, which allows Augmedix to be "powered by Glass."

21. Moreover, Augmedix has been aware of Hodei Technology's patent claims on its heat sink invention since at least October 31, 2017, yet Augmedix has continued to brazenly infringe them willfully, without even acknowledging Hodei Technology's repeated good faith attempts to resolve the matter without intervention of this Court.

## ASSERTED PATENT

22. Hodei Technology is the owner by assignment of U.S. Patent No. 10,088,867 (the "'867 Patent"). The '867 Patent is entitled "Heat Dissipating Structures and Mobility Apparatus for Electronic Headset Frames." The '867 Patent issued on October 2, 2018. A true and correct copy of the '867 Patent, including its USPTO file history as of January 17, 2019, is filed herewith as Exhibit A. The invention claimed in the '867 Patent first published as US 2017/0285685 A1 on October 5, 2017 (the "'685 Publication"). A true and correct copy of the '685 Publication is filed herewith as part of Exhibit B.

## COUNT I

### (Infringement of U.S. Patent No. 10,088,867)

23. Plaintiff re-alleges and incorporates by reference the allegations in the foregoing paragraphs as if fully set forth herein.

24. Plaintiff is informed and believes, and on that basis alleges, that Defendant has infringed and is currently infringing one or more claims (*e.g.*, claim 1) of the '867 Patent, in violation of 35 U.S.C. § 271.

25. Defendant has infringed and is currently infringing literally or under the doctrine of equivalents or both, by, among other things, any or all of making, using, offering for sale, selling, or importing in the United States, without license or authority, infringing products and services incorporating Hodei Technology's patented heat sink invention, including but not limited to Augmedix's "Remote Scribe" products and services, and any other products or services falling within the scope of one or more claims of the '867 Patent, including at least claim 1.

26. Exemplary claim 1 of the '867 Patent is reproduced below:

> A wearable display including
> a headset configured to be worn by a user;
> a visual display assembly including:
> > a support body supported by the headset; and
> > a visual display supported by the support body to be
> > > positioned forward of a user's eye wearing the
> > > headset;
> an electrical component in communication with the visual
> > display; and
> a heat sink in thermal communication with the electrical
> > component, the heat sink including:
> a base positioned to receive heat from the electrical
> > component, the base contoured to match an outer
> > profile of the support body; and
> a plurality of heat fins in thermal communication with
> > and extending distally away from the base to dissipate

>heat from the electrical component into the environment.

27.     Augmedix uses Google Glass as the basis of its head-mounted wearable display, where the "headset" is the frame for the glasses worn by the user, the "visual display assembly" is the combination of the housing for the Google Glass electronics that is combined with the visual display prism on the end, the "support body" is the housing for the Google Glass electronics which is supported by the frame, the "visual display" is the prism (visual overlay) attached to the end of the housing and is necessarily positioned as claimed in order to function. A central processing unit or CPU, among other things, is inside the housing, and communicates with the visual display, controlling the images displayed thereon. The electronics in the housing, such as the CPU, generate a lot of heat when used according to Augmedix's business model, and this heat is thermally transmitted through the housing to the heat sink attached to the outside of the housing proximate the hot electronics. The base of Augmedix's heat sink is positioned against the housing proximate the hot electronics, and the contour of the profile of the base matches the contour of the outer profile of the region of the housing to which it is attached. Augmedix's heat sink comprises fins extending out from the base, to dissipate heat as claimed. This description of how Augmedix's heat sink infringes at least claim 1 of the '867 Patent is provided as a preliminary non-limiting example based on incomplete information simply to provide pleading notice to Augmedix of the nature of the claims against it, and is expected to be supplemented and adjusted as necessary and appropriate as the litigation proceeds.

28.     Defendant's acts of making, using, offering for sale, selling, and/or importing infringing products and services having or using Hodei Technology's patented heat sink, including but not limited to Augmedix's "Remote Scribe" products and services, satisfy, literally or under the doctrine of equivalents, each and every claim limitation of at least claim 1 of the

'867 Patent. Plaintiff reserves the right to identify additional asserted claims as this litigation proceeds. For example, Plaintiff expressly reserves the right to identify additional asserted claims in its formal infringement contentions to be served during the litigation process.

29. Defendant has also infringed indirectly and continues to infringe indirectly the '867 Patent by active inducement under 35 U.S.C. § 271(b), for instance by knowingly inducing others, preliminarily identified as DOES 1-100, to use Augmedix's infringing device without Hodei Technology's permission and thereby infringe the '867 Patent. Discovery is expected to reveal the identities of these other infringers, and Plaintiff reserves the right to add them to this lawsuit.

30. Pursuant to the facts alleged above, Augmedix continued its infringing conduct without alteration or mitigation after being provided with a published patent application that claimed Hodei Technology's heat sink invention and which led to the '867 Patent. On information and belief, Augmedix has continued its infringing conduct without alteration or mitigation after learning of the issuance of the '867 Patent for the identical or substantially identical invention. Thus, Augmedix's infringement has been, and continues to be, willful.

31. To the extent applicable, the requirements of 35 U.S.C. § 287(a) have been met with respect to the '867 Patent.

32. As a result of Defendant's infringement of the '867 Patent, Plaintiff has suffered monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court, and Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

33. Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting or in active concert therewith from infringing the '867 Patent and inducing others to infringe the '867 Patent, Plaintiff will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

Plaintiff prays for the following relief:

A. A judgment that Defendant has infringed one or more claims of the '867 Patent;

B. A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with Defendant, from infringing the '867 Patent and from inducing others to infringe the '867 Patent;

C. An order that all of Defendant's products that infringe the '867 Patent be seized, counted, and destroyed;

D. An award of damages resulting from Defendant's acts of infringement in accordance with 35 U.S.C. § 284, including enhancement of damages;

E. In accordance with 35 U.S.C. § 154(d), an award of retroactive reasonable royalties resulting from Defendant's use of Hodei Technology's patent-pending heat sink invention at least from when Defendant had actual notice of Hodei Technology's published claims on October 31, 2017 until the '867 Patent issued on October 2, 2018;

F. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Defendant;

G.	A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to Plaintiff, including, without limitation, prejudgment and post-judgment interest; and

H.	Any and all other relief to which Plaintiff may be entitled.

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury of all issues so triable.

OF COUNSEL:
John Roberts
ROBERTS IP LAW
3129 25th St. #295
Columbus, IN 47203
(317) 663-3138

/s/ Karen E. Keller
Karen E. Keller (No. 4489)
Jeff Castellano (No. 4837)
I.M. Pei Building
1105 North Market Street, 12th Floor
SHAW KELLER LLP
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
jcastellano@shawkeller.com
*Attorneys for Plaintiff*
*Hodei Technology, LLC*

Dated: January 25, 2019